**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**IN RE: LEON R. KOZIOL,**                                6:15-af-5
                                                          (GLS)

**Respondent.**
_____

# ORDER

On May 22, 2015, this court dismissed Leon R. Koziol's fourth complaint filed in this District.[1] Like the three other complaints, Koziol's complaint lacked any basis in fact or law.

It is well settled that, *sua sponte*, "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)

---

[1] *See Koziol v. King*, No. 6:14-cv-946, 2015 WL 2453481, at *14-15 (N.D.N.Y. May 22, 2015) (dismissing Koziol's fourth complaint, which related to his ongoing state child custody, child support, and disciplinary proceedings, and was filed against eight state court judges, a state support collections supervisor, a court-appointed attorney for Koziol's children, and his ex-wife, and imposing sanctions on Koziol pursuant to Fed. R. Civ. P. 11(c) for his "relentless[]" filing of meritless and duplicative actions); *Koziol v. Peters*, No. 12-CV-823, 2012 WL 4854589, at *1, *10-11 (N.D.N.Y. Oct. 11, 2012) (dismissing complaint in which claims arose "from his custody and child support proceedings in New York state court, his subsequent suspension from the practice of law, and his current inability to cure his suspension," and characterizing the complaint as "rambling, disjointed, and nearly incomprehensible"); *Koziol v. Peters*, No. 6:12-CV-823, 2012 WL 5986574, at *2-3 (N.D.N.Y. Nov. 29, 2012) (granting the defendant City of Utica's motion for attorneys' fees and describing the claims asserted in the complaint as "without legal foundation, and . . . baseless"); *Parent v. New York*, 786 F. Supp. 2d 516, 544-45 (N.D.N.Y. 2011) (dismissing lead case, along with member case—Koziol's third case filed in this District, No. 6:10-CV-1361—in which Koziol sued, among other defendants, all of the Justices of the Appellate Division, Fourth Department, and the entire Fifth Judicial District Grievance Committee), *aff'd* 485 F. App'x 500 (2d Cir. 2012).

(citation omitted). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts, such as the imposition of an anti-filing injunction. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citation omitted); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (citation omitted). In addition, the litigant must be given an opportunity to show cause why an anti-filing injunction should not be entered. *See id.* at 529.

After carefully reviewing the record in this case, the court concludes

that unless Koziol shows otherwise, he should be enjoined from any further filings without leave of the Chief Judge. As noted above, Koziol has filed four complaints in the Northern District of New York—two of which were consolidated—which arose from similar factual circumstances and were asserted against many of the same defendants. *See supra* note 1. All of these cases have been dismissed. *See supra* note 1. There is little doubt that Koziol lacks a good-faith expectation in prevailing in his lawsuits, especially because they all have been dismissed on similar legal theories, including his failure to allege personal involvement and state action, defendants' sovereign, judicial, and quasi-judicial immunity, and the court's abstention from adjudicating the merits based on the doctrine espoused in *Younger v. Harris*, 401 U.S. 37 (1971). *See supra* note 1. The fact that Koziol went to law school and practiced law for "over twenty years" makes his continued pursuit of obviously meritless claims even more egregious. *Parent v. New York*, 485 F. App'x 500, 502-03 (2d Cir. 2012) (declining to afford Koziol the "special solicitude" afforded to *pro se* plaintiffs). Further, given that his submissions are often voluminous and difficult to comprehend, Koziol has posed an unnecessary burden on the court and its personnel. Finally, it is apparent that sanctions lesser than an anti-filing

3

injunction would unlikely curb Koziol's excessive and abusive filings, particularly in light of the fact that, in *Koziol v. Peters*, No. 6:12-CV-823, 2012 WL 5986574, at *2-3 (N.D.N.Y. Nov. 29, 2012), the court ordered Koziol to pay defendant the City of Utica's attorneys' fees and costs, because Koziol's "fanciful theory of a conspiracy" was "without legal foundation, and . . . baseless," yet, despite this finding and order, Koziol continues to file vexatious lawsuits in this District. *See Koziol v. King*, No. 6:14-cv-946, 2015 WL 2453481 (N.D.N.Y. May 22, 2015).

Notwithstanding the overwhelming support for the issuance of an anti-filing injunction, fairness and the interest of justice dictate that Koziol be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As such, he shall have fourteen (14) days from the date of this Order to show cause, in writing, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Koziol shall, within fourteen (14) days of the date of this Order, show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief

Judge; and it is further

**ORDERED** that if Koziol does not fully comply with this Order, the court will issue a subsequent order, without further explanation, permanently enjoining Koziol from filing a pleading or document of any kind in any other case in this District without leave of the court; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Koziol by certified mail.

**IT IS SO ORDERED.**

August 25, 2015
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court