**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

IN RE: LEON R. KOZIOL,                                   Case No. 1:15-AF-5 (GTS)

                        **Respondent.**
_____

## ANTI-FILING INJUNCTION ORDER

On August 25, 2015, respondent Leon R. Koziol was ordered by then-Chief Judge Gary L. Sharpe to show cause as to why he should not be enjoined from filing future cases in this District *pro se* or without permission from the Chief Judge. (Dkt. No. 1) Although Koziol has filed a response, he has failed to provide sufficient justification for his previous conduct. (Dkt. No. 2)

Contrary to Plaintiff's argument that former-Chief Judge Sharpe was biased in issuing the Order to Show Cause due to his *alleged* belief that males and/or persons of Slavic descent are genetically pre-disposed to be neglectful parents (Dkt. No. 2, at 8, 22, 23 [attaching pages "7," "21" and "22"]),[1] former-Chief Judge Sharpe never opined on Plaintiff's parenting skills. Rather, former-Chief Judge Sharpe based his Memorandum-Decision and Order dismissing Plaintiff's Complaint in *Koziol v. King, et al.*, 14-CV-0946, on Plaintiff's failure to allege facts plausibly suggesting personal involvement, the doctrine of absolute judicial immunity, the doctrine of quasi-judicial

---

[1] The Court notes that Plaintiff's charges of wrongdoing are not levied against only former-Chief Judge Sharpe. The list of those individuals who allegedly conspired against Plaintiff includes the named judges assigned to his underlying Family Court proceedings, "an ex-secretary" in his office, his former "ethics attorneys," and "his own government." (*See, e.g.,* Dkt. No. 2, at 4, 5, 13, 14, 17 [attaching pages "3," "4," "12," "13," and "16"].)

immunity, the doctrine of sovereign immunity under the Eleventh Amendment, abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), and the failure to allege facts plausibly suggesting state action. *Koziol v. King, et al.*, 14-CV-0946, Memorandum-Decision and Order (N.D.N.Y. filed May 22, 2015) (Sharpe, C.J.).[2] Moreover, former-Chief Judge Sharpe based his Order of August 25, 2015 (directing Plaintiff to show cause in the above-captioned proceeding) on, *inter alia*, the fact that Plaintiff's cases "arose from similar factual circumstances," "were asserted against many of the same defendants," and were "dismissed on similar legal theories," and that Plaintiff nonetheless "continued [to] pursu[e] . . . obviously meritless claims." (Dkt. No. 1, at 3.)

A careful review of Plaintiff's pleadings in his four cases reveals that they indeed "arose from similar factual circumstances" and "were asserted against many of the same defendants." *Parent a/k/a Kozoil v. State of New York, et al.*, 09-CV-0233, Second Am. Complaint (N.D.N.Y. Oct. 1, 2009); *Koziol v. Lippman, et al.*, 10-CV-1361, Complaint (N.D.N.Y. filed Nov. 10, 2010); *Koziol v. Peters, et al.*, 12-CV-0823, Complaint (N.D.N.Y. filed May 18, 2012); *Koziol v. King, et al.*, 14-CV-0946, Complaint (N.D.N.Y. filed July 29, 2014). Moreover, a careful review of the decisions to which

---

[2] In addition, former-Chief Judge Sharpe based his dismissal in *Koziol v. King, et al.*, 14-CV-0946, on the doctrine of claim preclusion. *Koziol v. King, et al.*, 14-CV-0946, Memorandum-Decision and Order, at 34-35, n.15 (N.D.N.Y. filed May 22, 2015) (Sharpe, C.J.). The fact that Plaintiff's fourth case "features an April, 2014 report" (Dkt. No. 2, at 10, 14 [attaching pages "9" and "13"]) does not change the fact that, to the extent that fourth case arose out of the same transactions and occurrences as those giving rise to *Parent a/k/a Kozoil v. State of New York, et al.*, 09-CV-0233, the doctrine of claim preclusion was triggered. *Compare Parent a/k/a Kozoil v. State of New York, et al.*, 09-CV-0233, Second Am. Complaint (N.D.N.Y. Oct. 1, 2009) *with Koziol v. King, et al.*, 14-CV-0946, Complaint (N.D.N.Y. filed July 29, 2014).

former-Chief Judge Sharpe refers–which were issued by *three different* district court judges–were indeed based on similar legal theories. *See Parent a/k/a Kozoil v. State of New York, et al.*, 09-CV-0233, Memorandum-Decision and Order (N.D.N.Y. filed May 24, 2011) (Hurd, J.), *aff'd*, Summary Order (2d Cir. dated June 18, 2012); *Koziol v. Lippman, et al.*, 10-CV-1361, Memorandum-Decision and Order (N.D.N.Y. filed May 24, 2011) (Hurd, J.), *aff'd*, Summary Order (2d Cir. dated June 18, 2012); *Koziol v. Peters, et al.*, 12-CV-0823, Memorandum-Decision and Order (N.D.N.Y. filed Oct. 11, 2012) (McAvoy, J.); *Koziol v. King, et al.*, 14-CV-0946, Memorandum-Decision and Order (N.D.N.Y. filed May 22, 2015) (Sharpe, C.J.).

Plaintiff appears to acknowledge that the claims asserted in his four cases are not warranted by existing law, but argues for the *modification* or *reversal* of existing law essentially based on the original understanding of the U.S. Constitution. (Dkt. No. 2, at 17 [attaching page "16," which argues, "While that may be the law as construed by Judge Sharpe and others in a self regulated branch of government, the people would assuredly not agree with this proposition. They never granted a limited government the power to be malicious"].) In the Court's view, this fact is relevant to whether Plaintiff had an objective good-faith expectation of prevailing in the cases. While the Court *might* be inclined to reach this conclusion with regard to Plaintiff's first case, it cannnot do so with regard to his second, third and fourth cases (his second case being largely duplicative of his first, his third case having been filed after he received a trial court decision in his first two cases, and the fourth case having been filed after he received an appellate decision regarding his first two cases and a trial court decision in his third case).

Finally, Plaintiff appears to fundamentally misunderstand the Anti-Filing Injunction Order in question: it does not "prohibit[] [his] filing of complaints" in "[a]ll the court[s]" (Dkt. No. 2, at 19, 24 [attaching pages "18" and "23"]), but merely prohibits his filing of complaints *in this District either* pro se *or without prior leave of the Court*. If he obtains either an attorney to represent him or prior leave of the Court, he may file as many complaints in this District as he desires. The Court finds this narrowly tailored restriction on Plaintiff's egregious litigation abuses to be eminently sensible.

For all of these reasons, Koziol is permanently enjoined from filing any document or pleading of any kind *pro se* in the Northern District of New York without leave of the Chief Judge and subject to the requirements outlined below.

> **NOTICE TO PRO SE LITIGANT: FAILURE TO STRICTLY COMPLY WITH THE REQUIREMENTS OUTLINED BELOW MAY SUBJECT YOU TO FURTHER SANCTIONS, INCLUDING THE DISMISSAL OF YOUR COMPLAINT/PETITION OR REJECTION OF YOUR SUBMISSION.**

**ACCORDINGLY**, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1651(a), Koziol is permanently enjoined from filing any document or pleading of any kind in this District *pro se*, except as outlined below; and it is further

**ORDERED** that the Clerk of the United States District Court for the Northern District of New York shall maintain the current miscellaneous file (1:15-af-5) with the general title "In Re: Leon R. Koziol." Unless otherwise ordered by the Chief Judge or his designee, this file shall serve as the repository of all orders relating to Koziol in this District, documents submitted under the procedures set forth herein, any order entered

4

pursuant thereto, and any document or pleading of any kind, whether rejected or not, submitted *pro se* by Koziol. The Clerk of the Court shall also maintain a docket sheet associated with this case number and shall list all documents filed therein; and it is further

**ORDERED** that, before initiating any *pro se* action in this District or filing a document of any kind with the Court, Koziol must first obtain permission from the Chief Judge or his designee. To do so, Koziol must submit to the court three documents in the form described below: (1) a petition requesting leave to file; (2) an affidavit; and (3) a copy of the document or pleading sought to be filed. The filing shall be entitled "Application Pursuant to Court Order Seeking Leave to File," and shall contain the assigned miscellaneous file number in the caption; and it is further

**ORDERED** that a petition requesting leave to file must contain the following information:

(1) a statement advising the Court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or bankruptcy proceeding involving Koziol, and if so, in what capacity;

(2) a list of all lawsuits in the United States District Court for the Northern District of New York, Court of Appeals for the Second Circuit, and state courts in which Koziol was or is a party, including (a) the name, case number and citation, if applicable, of each lawsuit, and (b) a statement indicating the nature of Koziol's involvement in each lawsuit and its current status or disposition;

(3) a list of all federal or state cases in which a judgment was rendered against Koziol, if any, including (a) the name, case number and citation, if applicable, (b) the amount of the judgment rendered against him, and (c) the amount, if any, of the judgment that remains outstanding and the reasons therefor;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Koziol, if any, including the name, case number and citation, if applicable; and

(5) a list identifying the procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution imposed against him by any court, including all appellate courts, if any, including (a) the name, case number and citation, if applicable, of each case, (b) a brief statement explaining the sanctions, contempt order, attorneys' fees or jail sentence imposed, (c) the type or amount of sanctions, (d) the outstanding amount of any sanctions or attorneys' fees, and (e) the current status or disposition of the matter; and it is further

**ORDERED** that Koziol shall also submit with the above petition an affidavit, in the proper legal form, with appropriate jurat and notarization, containing the following recitals:

(1) that the complaint or claims Koziol wishes to present, or the relief he seeks, has never before been raised by him and disposed of by any federal or state court and are not, to the best of his knowledge, barred by collateral estoppel or res judicata;

(2) that (a) to the best of his knowledge the claim or claims are not frivolous or taken in bad faith, (b) they are well-grounded in fact and warranted by existing

6

law or a good faith argument for the extension, modification or reversal of existing law, and (c) the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment;

(3) that the claim or claims are not meant to harass any judicial officer, attorney, individual, organization or entity; and

(4) that, in prosecuting the action, Koziol will comply with all federal and local rules of procedure, including those requiring the service on other parties of all pleadings and papers filed with the Court, and will provide the Court with acceptable proof that such service was made; and it is further

**ORDERED** that Koziol shall include with the above-described petition and affidavit a copy of the complaint and/or any other documents to be filed with the Court. The complaint shall conform with the requirements of this Order, Fed. R. Civ. P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the District's Local Rules of Practice; and it is further

**ORDERED** that, upon filing of the Application Pursuant to Court Order Seeking Leave to File, the Clerk or his designated deputy shall docket the documents in the miscellaneous case and in accordance with the rules, and immediately forward them to the Chief Judge or his designee for review; and it is further

**ORDERED** that, if the Application Pursuant to Court Order Seeking Leave to File includes a pleading of any kind, the Clerk shall **STAY** the case and shall not issue the requisite summonses until directed to do so by the Chief Judge or his designee; and it is further

**ORDERED** that the Chief Judge or his designee should consider the following:

(1) whether Koziol has complied with the procedures set forth in this Order in all particulars;

(2) whether Koziol's complaint complies with the Federal Rules of Civil Procedure and Local Rules of Practice;

(3) whether the complaint is frivolous, abusive, harassing or malicious;

(4) whether the claims raised in Koziol's complaint have been adjudicated previously by any state or federal court;

(5) whether Koziol has complied in all respects with Fed. R. Civ. P. 11 and all pleadings and filings would not give rise to liability under 28 U.S.C. § 1927, regarding unreasonable and vexatious multiple filings;

(6) whether the complaint alleges claims against judges, court officials, public officers or any other individuals who may have immunity from suit; and

(7) whether the complaint meets such other reasonable requirements established by the court; and it is further

**ORDERED** that failure to comply with the procedures and principles set forth in this Order shall be grounds for denying the Application Pursuant to Court Order Seeking Leave to File without further review.  Likewise, false or misleading recitals in the complaint or petition shall be grounds for denial and may subject Koziol to further sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and/or the court's inherent power to sanction a litigant for bad faith conduct or for disobeying court orders; and it is further

**ORDERED** that Koziol is further advised that nothing in this Order (a) hinders his ability to defend himself in any criminal action brought against him, (b) limits his access to any court other than the Northern District of New York, or (c) affects his rights in any of his currently pending actions in state or federal court; and it is further

**CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Koziol by certified mail.

Signed:  October 9, 2015
             Syracuse, New York

                                        Hon. Glenn T. Suddaby
                                        Chief, U.S. District Judge