**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

IN RE: LEON R. KOZIOL,                              Case No. 6:15-AF-0005(GTS)

                          **Respondent.**
_____

**GLENN T. SUDDABY, Chief United States District Judge**

**DECISION and ORDER**

      On December 19, 2019, the Court issued an Order directing Leon R. Koziol ("Respondent) to, within thirty days, comply with the Court's Anti-Filing Injunction Order of October 9, 2015 ("AFIO"), before he may continue to litigate the action of *Koziol v. New York, et al.*, 19-CV-1073 (N.D.N.Y.), *pro se*. (Dkt. Nos. 5, 11.) On January 21, 2020, Respondent filed a petition for leave to file as directed by the AFIO. (Dkt. No. 12.) After carefully considering Respondent's petition for leave to file, the Court finds that petition fails to comply with the AFIO in six respects.

      First, the AFIO requires, *inter alia*, "a statement advising the Court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or bankruptcy proceeding involving Koziol, and if so, in what capacity . . . ." (Dkt. No. 5, at 5.) In his petition, Respondent swears that "[t]he only parties named in the current action involved in prior actions as named parties are support magistrate Natalie Carraway and Kelly Hawse-Koziol." (Dkt. No. 12, at 3.) However, there is at least one other party to the current action that was a party to two of Respondent's prior actions: the State of New

York.[1]

Respondent may be limiting his statement to those actions filed after the issuance of the AFIO. However, the AFIO purposely places no such limit on that statement. (Dkt. No. 5, at 5 [requiring statement regarding current defendants' involvement in "*any prior lawsuit* or bankruptcy proceeding involving Koziol"] [emphasis added].) The statement is necessary to curb abusive filings, including attempts to avoid the doctrines of res judicata and collateral estoppel.

Respondent may also be limiting his statement to his proposed Amended Complaint in this action (which omits the State of New York as a defendant, and adds as defendants Oneida County Deputy Sheriff Arthur Braccoli and Office of Temporary and Disability Assistance Commissioner Michael Hein). However, the Court's Order of December 19, 2019, places no such limit on that statement. (Dkt. No. 11, at 5-6 [requiring compliance with AFIO "before Respondent may continue to litigate *Koziol v. New York, et al.*, 19-CV-1073 (N.D.N.Y.), pro se"].) Rather than require compliance with the AFIO so that Respondent could *amend* his operative pleading in the action in question (which issue would be decided by the district and/or magistrate judges presiding over that action), the Order required such compliance so that Respondent could be permitted to even litigate his *current* operative pleading in that action *pro se.* Simply stated, Respondent's focus on his proposed Amended Complaint puts the cart

---

[1] *Compare Koziol v. New York, et al.*, 19-CV-1073 (N.D.N.Y. filed Aug. 29, 2019) (listing as defendants, *inter alia*, the State of New York) *with Koziol v. Lippman,* 10-CV-1361, Complaint (N.D.N.Y. filed Nov. 10, 2010) (listing as defendants, *inter alia*, the State of New York) *and Parent v. New York*, 09-CV-0233, Complaint (N.D.N.Y. filed Feb. 26, 2009) (listing as defendants, *inter alia*, the State of New York).

ahead of the horse.

Given Respondent's educational and professional background, the Court can only conclude that these errors in his petition were willful. Moreover, these willful errors alone can, and do, constitute an adequate ground on which to base a denial of Respondent's petition.[2] In the interest of thoroughness, however, the Court will discuss the other respects in which the petition fails to comply with the AFIO, each of which serves as an alternative ground for the denial of the petition.

Second, the AFIO requires, *inter alia*, "a list of all lawsuits in the United States District Court for the Northern District of New York, Court of Appeals for the Second Circuit, and state courts in which Koziol was or is a party, including (a) the name, case number and citation, if applicable, of each lawsuit, and (b) a statement indicating the nature of Koziol's involvement in each lawsuit and its current status or disposition . . . ." (Dkt. No. 5, at 5.) However, in his petition, Respondent merely describes lawsuits that were filed "since the time of the anti-filing order." (Dkt. No. 12, at 3.) As an initial matter, the petition errs by providing information in a rambling and often off-topic form instead of in the form of the "list of . . . lawsuits" that is expressly required by the AFIO.

---

[2] The Court notes that the petition also appears to err by limiting its statement to those defendants that were merely "named parties" to Respondent's prior actions, while the AFIO calls for a statement of those defendants that were "in any way involved in" those actions (such as in the capacity of "judge, attorney, court officer, [or] public official"). (*Compare* Dkt. No. 12, at 3 *with* Dkt. No. 5, at 5.) It is somewhat difficult to believe that Respondent's lengthy complaints in his prior actions regarding his child custody rights and support obligations make no mention of and/or no way involve the New York Child Support Processing Center, Acting Oneida County Family Court Judge Gerald Popeo, Acting Oneida County Support Magistrate Natalie Carraway, Oneida County Family Court Chief Clerk, Senior Child Support Investigator Katie Lawrence, and Oneida County Sheriff Robert Maciol.

(*Compare* Dkt. No. 12, at 3-4 *with* Dkt. No. 5, at 5.)  Moreover, and more importantly, the AFIO purposely does not limit the list to lawsuits filed since the issuance of the AFIO.  (Dkt. No. 5, at 5.)  Although Respondent might argue that the Court already possesses a list of his pre-AFIO lawsuits, he would be mistaken: setting aside the fact that Court may have previously overlooked various of Respondent's pre-AFIO federal court lawsuits, the Court does not appear to have yet attempted to comprehensively list Respondent's pre-AFIO or post-AFIO state court lawsuits.  (*See generally* Dkt. Nos. 5, 11.)  Again, this list of prior lawsuits is necessary to curb abusive filings, including attempts to avoid the doctrines of res judicata and collateral estoppel.  These errors (which the Court finds also to be willful) can, and do, constitute an alternative ground on which to base a denial of Respondent's petition.

Third, the AFIO requires, *inter alia*, "a list of all federal or state cases in which a judgment was rendered against Koziol, if any, including (a) the name, case number and citation, if applicable, (b) the amount of the judgment rendered against him, and (c) the amount, if any, of the judgment that remains outstanding and the reasons therefor . . . ." (Dkt. No. 5, at 6.)  The AFIO also requires, *inter alia*, "a list of all federal or state cases in which a judgment was rendered *in favor of* Koziol, if any, including the name, case number and citation, if applicable . . . ."   (*Id*. [emphasis added].)  However, in his petition, Respondent merely refers the Court to his response to a prior request for information, which (again) is limited to post-AFIO lawsuits (and does not contain a list).  These errors (which the Court finds also to be willful) can, and do, constitute a second alternative ground on which to base a denial of Respondent's petition.

4

Fourth, the AFIO requires, *inter alia*, "a list identifying the procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution imposed against him by any court, including all appellate courts, if any, including (a) the name, case number and citation, if applicable, of each case, (b) a brief statement explaining the sanctions, contempt order, attorneys' fees or jail sentence imposed, (c) the type or amount of sanctions, (d) the outstanding amount of any sanctions or attorneys' fees, and (e) the current status or disposition of the matter . . . ." (Dkt. No. 5, at 6.)  However, in his petition, Respondent merely discusses sanctions imposed and jail sentences recommended "since the [issuance of] the anti-filing order." (Dkt. No. 12, at 5.)  No list is provided; and no discussion is provided regarding assessments of attorneys' fees, issuances of contempt orders or relevant actions taken by courts *before* the issuance of the AFIO.  (*Id*.)  These errors (which the Court finds also to be willful) can, and do, constitute a third alternative ground on which to base a denial of Respondent's petition.

Fifth, the AFIO requires an affidavit stating, *inter alia*, that (1) the claims "are well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law," and (2) "the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment." (Dkt. No. 5, at 6-7.)  However, Respondent's affidavit conspicuously omits these statements, stating only that the claims in the proposed Amended Complaint (1) are not being filed "for any frivolous purpose," and (2) are "not intended to harass anyone." (Dkt. No. 12, Attach. 1, at ¶¶ 2-3.)  These omissions (which the Court finds also to be willful) can, and

5

do, constitute a fourth alternative ground on which to base a denial of Respondent's petition.

Sixth, the AFIO requires the operative pleading (i.e., Plaintiff's Complaint in the action in question) to "conform with the requirements of . . . Fed. R. Civ. P. 8, [and] all other provisions contained in the Federal Rules of Civil Procedure." (Dkt. No. 5, at 7.) However, both the jurisdictional basis and pleading sufficiency of Plaintiff's Complaint in the action in question have been challenged pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(c). *See Koziol v. New York, et al.*, 19-CV-1073, State Defs.' Motion to Dismiss (N.D.N.Y. filed Oct. 11, 2019); *Koziol v. New York, et al.*, 19-CV-1073, Defs. Lawrence and Maciol's Motion to Dismiss (N.D.N.Y. filed Nov. 5, 2019); *Koziol v. New York, et al.*, 19-CV-1073, Def. OTDA's Motion to Dismiss (N.D.N.Y. filed Dec. 6, 2019). After reviewing Plaintiff's Complaint in light of these challenges, and without rendering any decision with regard to the motions to dismiss (which are pending before another United States district judge), the Court finds that Plaintiff's Complaint is not the sort of pleading that complies with this requirement of the AFIO. This noncompliance (which the Court finds also to be willful) can, and does, constitute a fifth alternative ground on which to base a denial of Respondent's petition.

Finally, the Court finds that, even if it were to liberally construe Respondent's petition as an attempt to abandon his current action and file a new action in which the operative pleading is the proposed one that he attaches to his petition (i.e., his proposed "Amended Complaint"), the Court would reach the same conclusions as those reached above in this Decision and Order. Furthermore, the Court's conclusions are in

6

no way changed by Respondent's memorandum of law (which does not correct any of the above-described defects in his petition), and his "cross-motions" to change venue and/or vacate the AFIO (which are both procedurally improper in this action and unsupported by a showing of cause). (Dkt. No. 12, Attach. 3-4.)

**ACCORDINGLY**, it is

**ORDERED** that Respondent's petition for leave to file (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint in *Koziol v. New York, et al.*, 19-CV-1073 (N.D.N.Y.) is **DISMISSED without prejudice** to refiling through counsel;[3] and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by certified mail.

Dated: February 19, 2020
Syracuse, New York

_Glenn T. Suddaby_
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[3] The undersigned issues this directive in his capacity as Chief Judge who has been tasked with enforcing pre-filing orders against vexatious *pro se* litigants (including those who can no longer prosecute actions *pro se* in this District due to pre-filing orders), and with the permission of Senior United States District Judge Lawrence E. Kahn.